# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | No. 11-cr-396 |
| v. ) | Judge Ronald A. Guzmán |
| BRIAN LAWRENCE ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

The Court denies Defendant's Motion for a Reduction in Sentence Pursuant to 18 U.S.C. § 3582 [111].

## STATEMENT[1]

On July 20, 2012, Defendant was convicted of possessing slightly less than 500 grams of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). At sentencing, the Court determined that Defendant was a career offender and thus calculated his sentence according to United States Sentencing Guidelines ("Guidelines") Section 4B1.1(b)(2). (*See* 8/22/13 Sentencing Tr. [Dkt. # 102] at 12.) Defendant now movies to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), claiming that a recent amendment to the Guidelines reduced the applicable sentencing range.

In relevant part, Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "[he] has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. §

---

[1] **Defendant was given until November 17, 2015 to reply to the government's response. That time has passed, and, after speaking with the Federal Defender by phone on 11/23/15, the Court has been informed that no reply will be filed.**

3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under Section 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits. *United States v. Taylor,* 773 F.3d 667, 672 (7th Cir. 2015).

In the instant case, Defendant believes Guidelines Amendment 782 lowered the base offense level applicable to him, but he is mistaken. While Amendment 782 indeed lowered the penalties for most drug offenses in Guidelines Section 2D1.1, *see* U.S.S.G App. C., Amend. 782, it did not affect the sentencing range for career offenders sentenced pursuant to Guidelines Section 4B1.1. *See United States v. Perry*, No. 06 CR 963, 2015 U.S. Dist. LEXIS 113633, at *3 (N.D. Ill. Aug. 27, 2015) (holding that Amendment 782 does not apply to sentences made pursuant to Guidelines Section 4B1.1); *United States v. Williams*, No. 04 CR 12, 2015 U.S. Dist. LEXIS 46289, *6 (N.D. Ill. Apr. 9, 2015) (same). As it is undisputed that Defendant was correctly sentenced as a career offender under Section 4B1.1, it follows that Amendment 782 has no bearing on his sentence, and his base offense level remains exactly what it was at the time of sentencing. Therefore, Defendant has no basis for relief under Section 3582(c)(2), and the Court denies his motion accordingly.

**CONCLUSION**

The Court denies Defendant's Motion for a Reduction in Sentence Pursuant to 18 U.S.C. 3582 [111].

**SO ORDERED.**                                           **ENTERED:**    December 22, 2015

_Ronald A. Guzmán_
**HON. RONALD A. GUZMÁN**
**United States District Judge**